UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

JULIE STERENBERG,

                                         Plaintiff,

          - against -

LIBERTY MUTUAL INSURANCE COMPANY

                                      Defendants.

-----------------------------------------------------------------------

No.: 20-cv-2590

**VERIFIED COMPLAINT**

Plaintiffs, by and through their undersigned attorneys, NAPOLI SHKOLNIK, PLLC, upon information and belief allege the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant, her automobile insurance carrier, after she was struck by a motor vehicle while she was a pedestrian with no fault attributable to her. Plaintiff purchased a Supplemental Uninsured/Underinsured Motorist policy with the Defendant to financially protect herself should she be injured by a motorist without sufficient insurance to cover her medical costs and pain and suffering. On December 17, 2019 Plaintiff was struck by a motor vehicle insured with only a $25,000.00 bodily injury limit. Plaintiff's injuries include a fractured left knee, a fractured right ring finger, fractures of ribs 9 and 10 on the right side and a fractured 9th rib on the left side, a fractured nose, a complex tear of the left wrist requiring surgery and a contusion of her hip with a possible fracture. Additionally, Plaintiff has been recommended for additional surgery.

2. Despite meeting all of the conditions precedent required by her insurance policy with Defendant prior to accepting the full $25,000.00 policy of the tortfeasor automobile, Defendant has refused to make a reasonable offer to provide for Plaintiff's future medical needs and her pain and suffering.

## PARTIES

3. Plaintiff, JULIE STERENBERG, was on December 17, 2019 and still is a resident of the County of Nassau, State of New York.

4. Upon information and belief, Defendant, LIBERTY MUTUAL INSURANCE COMPANY, is a for-profit corporation, duly organized under the laws of the State of Delaware with its principal place of business at 175 Berkeley Street, Boston, MA 02116.

5. Defendant LIBERTY MUTUAL INSURANCE COMPANY issued policy AOS-228-508433-40 9 6, with a term of 07/07/19 to 07/07/20 to the Plaintiff, JULIE STERENBERG.

## JURISDICTION

6. This Court has jurisdiction over Plaintiff, JULIE STERENBERG as she brings the case in this forum and is therefore subject to this Court's jurisdiction.

7. This Court has jurisdiction over the subject matter as the injuries sustained by JULIE STERENBERG occurred in the forum.

8. This Court has General Jurisdiction over Defendant LIBERTY MUTUAL INSURANCE COMPANY as it is present in the forum through a continuous and systematic course of doing business in the forum. Defendant writes numerous lines of insurance in the forum and is authorized to do so under NYS Insurance Law § 1113(a).

9. This Court has Specific Jurisdiction over Defendant LIBERTY MUTUAL INSURANCE COMPANY as it is present in the forum through doing business in the forum, can expect or reasonably expect that its insureds, such as Plaintiff, to be present in and potentially seek coverage and benefits under insurance policies written by Defendant across the United States, including but not limited to New York.

## VENUE

10. Venue is appropriate in this Court as the amount in controversy exceeds $75,000.00 excluding attorney's fees, costs, and interest.

11. Venue is appropriate in this forum as Defendant is a corporation that regularly transacts business, keeps an office and/or has an agency in the forum.

## BACKGROUND

12. On or about the December 17, 2019, and at all the times hereinafter mentioned, Plaintiff, JULIE STERENBERG, was a lawful Pedestrian.

13. On or about December 17, 2019, and at all times herein mentioned, Lawson Blvd. at or near its intersection with Anchor Avenue in the town of Hempstead, State of New York was a public roadway and/or thoroughfare.

14. On or about December 17, 2019, Plaintiff, JULIE STERENBERG, was a lawful Pedestrian at or near the aforesaid location.

15. On or about December 17, 2019, and at all times hereinafter mentioned SUNNY OSAS was operating a motor vehicle bearing New York State license plate number HZZ3100 at or near the aforesaid location.

16. On or about December 17, 2019, the above-mentioned motor vehicle came in contact with Plaintiff, at the aforesaid location.

17. Plaintiff JULIE STERENBERG was crossing Lawson Boulevard, in the crosswalk with a green light when she was struck by the vehicle operated by SUNNY OSAS, who failed to see the Plaintiff when he made a left hand turn onto Lawson Boulevard from Anchor Avenue.

18. Plaintiff's conduct did not contribute to causing the above-mentioned contact.

19. That as a result of the aforesaid contact, Plaintiff, JULIE STERENBERG, was seriously injured.

20. Plaintiff, MICHAEL GOTTESMAN, sustained "serious" injuries as such term is defined by Section 5102 of the Insurance Law of the State of New York.

21. The aforesaid occurrence and resulting injuries to plaintiffs were solely due to the careless, reckless and negligent conduct of SUNNY OSAS.

22. Plaintiff, JULIE STERENBERG, is informed and verily believes the personal injuries sustained are permanent and she will permanently suffer from the effects of same.

23. Plaintiff, JULIE STERENBERG, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care, and upon information and belief, the plaintiff will necessarily incur further similar expenses.

24. That by reason of the foregoing, Plaintiff has been unable to attend to her usual occupation and/or avocation in the manner required.

25. The injuries sustained by plaintiff, JULIE STERENBERG include a fractured left knee, a fractured right ring finger, fractures of ribs 9 and 10 on the right side and a fractured 9th rib on the left side, a fractured nose, a complex tear of the left wrist requiring surgery and a contusion of her hip with a possible fracture.

26. SUNNY OSAS was insured through the owner of the vehicle he was operating, GLORIA N. ESEALUKA, who carried an automobile liability insurance policy with USAA CASUALTY INSURANCE COMPANY under Policy #1601550207103 with a limit of $25,000.00 per person.

27. Upon learning of the serious nature of Plaintiff's injuries, USAA CASUALTY INSURANCE COMPANY tendered their policy limits of $25,000.00 to Plaintiff.

28. At all relevant times, Plaintiff was insured through Defendant LIBERTY MUTUAL INSURANCE COMPANY, Policy# AOS-228-508433-40 9 6, with a term of July 7, 2019 to July 7, 2020.

29. This policy was in full force and effect on the date of the accident set forth above.

30. The Supplemental Uninsured/Underinsured Motorist (hereinafter "SUM") policy limits of Plaintiff's policy with Defendant LIBERTY MUTUAL INSURANCE COMPANY are $250,000 per person.

31. Prior to accepting the policy tender of $25,000.00 from USAA CASUALTY INSURANCE COMPANY, Plaintiff met all conditions precedent, including obtaining Defendant LIBERTY MUTUAL INSURANCE COMPANY's consent to settle, permitting her to then seek benefits under the SUM portion of her policy with Defendant.

## APPLICABLE LAW

32. The Laws of the State of New York as to uninsured and underinsured coverage should be applied by the Court in this case.

33. Plaintiff obtained the written consent of her insurance carrier prior to settling with the tortfeasors' insurance carrier for the policy limit and are thus entitled to pursue her

Supplemental Underinsured Motorist benefits under New York law, *see* 11 NYCRR 60-2.3.

34. The laws of New York provide for a setoff where the SUM award duplicates benefits recovered from the tortfeasor's liability insurer. *See, for example, Redeye v Progressive Ins. Co.*, 133 AD3d 1261, 1261 [4th Dept 2015].

### COUNT I: CLAIM FOR SUPPLEMENTAL UNINSURED / UNDERINSURED BENEFITS

35. Plaintiffs incorporate the allegations set forth in paragraphs 1-32 as if fully set forth herein.

36. This cause of action is brought pursuant to the laws of the state of New York.

37. Pursuant to New York State Insurance Law § 3420(f)(2), an insured's SUM coverage is triggered when the limit of the insured's bodily injury liability coverage is greater than the same coverage in the tortfeasor's policy. *See Farm Family Cas. Ins. Co. v Gonzalez*, 171 AD3d 1053, 1054 [2d Dept 2019].

38. The tortfeasors, SUNNY OSAS and GLORIA N. ESEALUKA were insured with USAA CASUALTY INSURANCE COMPANY under Policy #1601550207103 with a limit of $25,000.00 per person.

39. USAA CASUALTY INSURANCE COMPANY tendered $25,000.00, the full limit of the policy.

40. Defendant, through the claims adjuster Matthew Szymanoski, gave written authorization for Plaintiff to settle with the tortfeasors' carrier on January 16, 2020.

41. The tender of the third-party tortfeasors was thus made and accepted.

42. The limit of tortfeasors' policy was exhausted by this payment.

43. All conditions were thus met for Plaintiff to obligate Defendant pursuant to the SUM coverage per New York State Insurance Law § 3420[f][2][A].

44. There are no issues of liability as to the tortfeasors as Plaintiff was crossing the roadway in the crosswalk with a green light – the same green light the tortfeasor was using to turn left prior to coming into contact with the Plaintiff.

45. Under the policy issued to Plaintiff by Defendant, the policy limits of $250,000 per person / $500,000 per incident were in effect on the date of injury.

46. These limits exceed the limits of the tortfeasors' policy and Plaintiff is entitled to seek benefits pursuant to the policy issued by Defendants. *See, for example, Farm Family Cas. Ins. Co. v Gonzalez*, 171 AD3d 1053, 1054 [2d Dept 2019].

### COUNT II - METROPOLITAN CASUALTY INSURANCE COMPANY HAS ACTED IN BAD FAITH BY REFUSING PAYMENT WHEN LIABILITY IS DETERMINED – NEW YORK LAW

47. Plaintiff incorporate the allegations set forth in paragraphs 1-46 as if fully set forth herein.

48. This cause of action is brought pursuant to the laws of the state of New York.

49. Plaintiffs' carrier, Defendant LIBERTY MUTUAL INSURANCE COMPANY has acted in bad faith by continuing to refuse reasonable payment when liability is clear.

50. The conduct of Defendant LIBERTY MUTUAL INSURANCE COMPANY as outlined above constitutes gross misconduct and/or gross disregard of the insureds' interests.

51. Despite there being no comparative fault on the Plaintiff in the cause of her injuries, Defendant, with full knowledge of plaintiffs' severe injuries, continued physical needs, limitations, suffering and need for additional surgery, has continued to delay appropriate

payment, settlement, and/or adjustment of Plaintiffs' claims in a pattern of behavior evincing a conscious and/or knowing indifference to the interests of their insured.

## DEMAND FOR JURY TRIAL

52. Plaintiffs demand trial by jury of all issues so triable.

**WHEREFORE**, plaintiff, JULIE STERENBERG, demands judgment against the defendant, LIBERTY MUTUAL INSURANCE COMPANY, in the sum of $225,000.00 plus attorney's fees, and the costs and disbursements and interests of this action.

Dated: New York, New York
March 26, 2020

NAPOLI SHKOLNIK, PLLC

_____
Joseph Napoli , Esq.
Attorneys for Plaintiff (s)
360 Lexington Avenue, 11th Floor
New York, New York 10017
212-397-1000